09-4566-cv
Tota v. Bentley

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand ten.

PRESENT:
    DENNIS JACOBS,
      <u>Chief Judge</u>,
    ROGER J. MINER,
    RICHARD C. WESLEY,
      <u>Circuit Judges</u>.

_____

ANTHONY SAMUEL TOTA,

    <u>Plaintiff-Appellant</u>,

    v.              09-4566-cv

DAVID W. BENTLEY, Chautauqua County Sheriff's Department Special Weapons and Tactics Officer, STEVEN ANDERSON, BRYAN BURMASTER, JOHN DESNERCK, JEFFREY HOVER, STEPHEN MADONIA, JEFFREY NELSON, JAMES RENSEL and DALE VAN VLACK, JR.,

    <u>Defendants-Appellees</u>,

COUNTY OF CHAUTAUQUA, CITY OF JAMESTOWN, FRANZEN, JAMESTOWN POLICE

DEPARTMENT, JOHN DOES, CITY OF
JAMESTOWN, SWAT OFFICERS and CHAUTAUQUA
COUNTY SHERIFF'S DEPARTMENT SPECIAL
WEAPONS AND TACTICS OFFICERS,

<u>Defendants</u>.
_____

FOR APPELLANT:          Anthony Samuel Tota, <u>pro se</u>,
                        Jamestown, NY.

FOR APPELLEES:          Daryl P. Brautigam, Brautigam &
                        Brautigam, L.L.P., Fredonia, NY.


        Appeal from a judgment of the United States District
Court for the Western District of New York (Skretny, <u>C.J.</u>).

        **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of the district court be
**AFFIRMED.**

        Plaintiff-appellant Anthony Samuel Tota appeals <u>pro se</u>
from the judgment of the United States District Court for
the Western District of New York (Skretny, <u>C.J.</u>), which
granted summary judgment dismissing his excessive force
claim against police personnel.  We assume the parties'
familiarity with the underlying facts, the procedural
history of the case, and the issues on appeal.

        Tota asserts that the district court erred in granting
the defendants' motion for summary judgment despite their
failure to comply with Local Rules 56.1 and 56.2 of the
United States District Court for the Western District of New
York.  Local Rule 56.1 provides that a party moving for
summary judgment shall include "a separate, short, and
concise statement of the material facts as to which the
moving party contends there is no genuine issue to be tried.
Failure to submit such a statement may constitute grounds
for denial of the motion."  The defendants failed to file
such a statement with their moving papers.  But we find no
abuse of discretion because (i) the defendants filed such a
statement with their reply papers, (ii) the statement was

2

based on affidavits submitted with the defendants' moving papers, and (iii) Local Rule 56.1 permits--but does not require--the denial of a non-compliant motion for summary judgment. See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (reviewing for "abuse of discretion," and "accord[ing] considerable deference" to, "the district court's interpretation and application of its own local rule").

Local Rule 56.2 requires a party seeking summary judgment against a pro se litigant to provide notice of the nature and consequences of a motion for summary judgment in accordance with Vital v. Interfaith Medical Center, 168 F.3d 615, 620-21 (2d Cir. 1999). The defendants concede that they failed to provide such notice to Tota, and there is no indication that the district court filled this gap. Although "[t]he failure to give actual notice to a pro se litigant of the consequences of not responding adequately to a summary judgment motion will usually constitute grounds for vacatur," such a failure "will be deemed harmless" where the pro se party "demonstrate[s] a clear understanding of the nature and consequences of a summary judgment motion and the need to set forth all available evidence demonstrating a genuine dispute over material facts." Jova v. Smith, 582 F.3d 410, 414 (2d Cir. 2009) (internal quotation marks omitted and emphasis added). We affirm the district court's finding of harmlessness because Tota vigorously opposed the defendants' motion for summary judgment. See Vital, 168 F.3d at 621 (considering "the nature of the papers submitted by the litigant and the assertions made therein as well as the litigant's participation in proceedings before the District Court").

Tota argues that the district court failed to consider various disputed material facts and improperly weighed the credibility of the parties. We "review a district court's decision to grant summary judgment de novo, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks, citations, and brackets omitted); see also Fed. R. Civ. P. 56(c)(2). "While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively

3

on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether the jury could reasonably find for the plaintiff and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citation omitted). Following de novo review of the record, we conclude that Tota failed to (i) submit any independent evidence corroborating his allegations of excessive force, (ii) mention the purported police brutality during his state court criminal proceedings, and (iii) recollect any of the events precipitating his arrest despite his vivid recollection of the alleged abuse involved in his arrest. Accordingly, we affirm the district court's determination that Tota failed to raise a genuine issue of material fact.

Tota argues that the defendants and the district court violated Magistrate Judge Scott's protective order which declined to require Tota to execute medical authorizations for the release or production of his psychological records. Tota cites references in the record to his psychiatric condition; but these references did not violate the protective order, and, in any event, were not dispositive in the district court proceedings.

Tota argues that the district court refused to afford him sufficient time to conduct discovery after Tota named new defendants in the amended complaint. We find no abuse of discretion in the district court's management of discovery. See In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 102 (2d Cir. 2008).

We have reviewed all of Tota's arguments on this appeal and find them unpersuasive. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4